UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES

CASE NO.: 2:20-CV-02328

JACOB GLEASON and KAYLEN GLEASON,
individually, and as Parents and Natural
guardians of EVELYN GLEASON and
NATALIE GLEASON, minors

    Plaintiffs,

V.

PRINCESS CRUISE LINES LTD.

Defendant.
_____/

## COMPLAINT AND JURY DEMAND

Plaintiffs, JACOB GLEASON and KAYLEN GLEASON, individually, and as Parents and Natural Guardians of EVELYN GLEASON and NATALIE GLEASON, minors, by and through their undersigned attorney, and sues the Defendant, PRINCESS CRUISE LINES LTD. (hereinafter, "PRINCESS") and alleges:

## THE PARTIES AND JURISDICTION

1.    This is an action seeking damages in excess of $1,000,000.00 (One Million Dollars) exclusive of interest, costs and attorney's fees.

2.    This Court has Admiralty subject matter jurisdiction pursuant to 28 U.S.C. § 1333 as this case involves a maritime tort. The type of incident and injuries suffered by Plaintiffs had the potential to impact maritime commerce as Plaintiffs are at serious risk of imminent harm as a result of being exposed to the Coronavirus running rampant aboard the cruise ship upon which they are paying passengers.

1

3. Plaintiff, JACOB GLESON is sui juris, is a resident of Placer County California, and is currently a passenger onboard the Grand Princess.

4. Plaintiff, KAYLEN GLEASON is sui juris, is a resident of Placer County California and is currently a passenger onboard the Grand Princess.

5. Plaintiff, EVELYN GLEASON, a minor, was and is a resident of Placer County California and is under the age of (18) years.

6. Plaintiff, NATALIE GLEASON, a minor, was and is a resident of Placer County California and is under the age of (18) years.

7. Princess Cruise Lines LTD. is incorporated in Bermuda, with its headquarters in Santa Clarita California. The action is being filed in this Court pursuant to the terms and conditions of the Passenger Contract issued by Defendant, Princess Cruise Lines Ltd.

8. At all times hereto, PRINCESS owned and operated the cruise ship the Grand Princess.

9. This Court has personal jurisdiction over PRINCESS as PRINCESS' principle place of business is located in Los Angeles County, Los Angeles.

10. PRINCESS conducts substantial business within the state of California, including operating cruises from ports in San Francisco, San Diego and Los Angeles.

11. PRINCESS markets cruise vacations to Californian residents and employs thousands of Californian residents to work at its California headquarters.

12. Plaintiffs are passengers aboard the Grand Princess which departed out of San Francisco on February 21, 2020, and has been anchored off the coast of San Francisco since Wednesday, March 4, 2020, as a result of an outbreak of COVID-19.

## FACTUAL BACKROUND

In the recent months, there has been a worldwide outbreak of a new strain of the Corona virus, commonly known as COVID-19. The virus began in China in December 2019, and has quickly spread throughout Asia, Europe and most recently, North America. The virus causes temperature, a dry cough, and can be fatal. There have been over One Hundred Thousand cases worldwide and over Three Thousand deaths as result of COVID-19. Those fatalities have largely been amongst the elderly population, and those with underlying medical complications.

COVID-19 really gained the attention of the public when the Diamond Princess cruise ship, also owned and operated by Defendant, suffered an outbreak of the disease at the beginning of February 2020 in Yokohama, Japan. The outbreak began with ten cases, and rapidly multiplied to seven hundred cases, as a result of the flawed two week quarantine on the ship. The Center for Disease Control, (CDC) issued a statement on February 18, 2020, that "the rate of new reports of positives new on board, (Diamond Princess), especially among those without symptoms, highlights the high burden of infection on the ship and potential for ongoing risk." Seven of Defendant's passengers died as a result of COVID-19.

It would only stand to reason, that having experienced such a traumatic outbreak on board one of its vessels less than a month prior to the current voyage on board the Grand Princess, that the Defendant would have learned to take all necessary precautions to keep its passengers, crew and the general public safe. Unfortunately, the Defendant PRINCESS did no such thing, which is why Plaintiffs are now at **actual risk of immediate physical injury proximately caused by the Defendant's negligence.**

## COUNT I

### (NEGLIGENCE AGAINST PRINCESS)

Plaintiffs re-allege all allegations in paragraphs 1 through 12 above as if alleged fully herein.

13. PRINCESS owed Plaintiffs, who are paying passengers who boarded the Grand Princess on February 21, 2020, the duty to ensure that they would not be exposed to unreasonable risk of harm that defendant knew or should have known about while sailing on its vessel.

14. Defendant breached its duty in that it had knowledge that at least one of its passengers from the prior voyage who disembarked Feb 21, 2020 had symptoms of coronavirus, and yet it made the conscious decision to continue sailing the voyage that began on February 21, 2020 with another three thousand passengers on an infected ship.

15. Specifically, Defendant was aware of at least two passengers who disembarked its ship on February 21, 2020 in San Francisco, had symptoms of the coronavirus. It went as far as to send emails on Wednesday February 25, to passengers who disembarked the Grand Princess on February 21, notifying them of the potential of exposure to the coronavirus while onboard their cruise.

16. To make matters even worse, there are sixty two passengers on board the Plaintiffs' cruise, who were also on the prior voyage, who were exposed to the passengers that were confirmed to be infected, and later died.

17. In continuing to sail with another three thousand passengers including Plaintiffs on February 21, 2020, knowing that some of those passengers and crew had already been exposed to COVID-19, the Defendant PRINCESS has exposed Plaintiffs to actual risk of immediate physical injury.

18. Defendant is further negligent in failing to have proper screening protocols for COVID-19 prior to boarding the passengers on Plaintiffs' voyage. Despite the knowledge and experience it had with the outbreak of the disease on the Diamond Princess just a mere three weeks prior to the instant case, Defendant did not have proper screening protocol in place to minimize the risk of exposure of the disease to its passengers and crew.

19. Prior to boarding the February 21, 2020 sailing on the Grand Princess, passengers were simply asked to fill out a piece of paper confirming they were not sick. Not one passenger was questioned, let alone examined in any capacity. Incredibly, not one of those sixty two passengers or crew members who were mixing and mingling with the infected prior passengers were ever examined during the instant voyage until being tested for the virus on Thursday March 5, 2020, two weeks after the ship sailed.

20. As a result of the Defendant's lackadaisical approach to the safety of Plaintiffs, its passengers and crew aboard the Grand Princess, Plaintiffs are at actual risk of immediate physical injury.

21. Finally, Defendant PRINCESS is negligent in failing to adequately warn Plaintiffs about the potential exposure to COVID-19 prior to boarding the ship on February 21, 2020, and again during the sailing of said cruise. Defendant had actual knowledge of at least two passengers who sailed on its ship the week prior, disembarked with symptoms of coronavirus, and one confirmed death as a result. Defendant also knew that there were sixty two passengers and crew who were onboard that same sailing, who now are on board with Plaintiffs, and failed to inform Plaintiffs **at any time prior to boarding or while they were already onboard**, that there is an actual risk of exposure to COVID-19. In addition, PRINCESS failed to inform

Plaintiffs that a crew member aboard their cruise actually disembarked in Hawaii as a result of coronavirus.

22.  If Plaintiffs had knowledge of this actual risk of exposure prior to boarding, they would have never boarded the ship. If they were informed of the risk on February 25, 2020, when the former passengers were notified by email, Plaintiffs would have disembarked at the first port of call in Honolulu on Feb 26, 2020. Due to Defendant's outright negligence in failing to warn Plaintiffs of the actual risk of exposure to COVID-19 aboard its infected ship, Plaintiffs are quarantined in their inside cabin along with two young children, off the coast of San Francisco, anxiously awaiting their fate.



6



23. As a direct and proximate result of the aforementioned negligence of the Defendant PRINCESS, in exposing them to actual risk of immediate physical injury, Plaintiffs are suffering from emotional distress, are traumatized from the fear of developing COVID-19 as they sit minute after minute in their confined cabin on an infected vessel, and this emotional

harm will continue to plague them. Plaintiffs Jacob Gleason and Kaylen Gleason, individually will further suffer lost wages as a result of not being able to return to their employment.

**WHEREFORE**, Plaintiffs demand judgment against Defendant PRINCESS for damages suffered as result of their negligence and a trial by jury on all issues triable.

## COUNT II

### (GROSS NEGLIGENCE AGAINST DEFENDANT PRINCESS)

Plaintiff re-alleges all allegations set out in paragraphs 1 through 23 above as if alleged fully herein.

24. Defendant Princess' conduct in deciding to continue to sail the Grand Princess with Plaintiffs, knowing that the ship was infected from two previous passengers who came down with symptoms of COVID-19, and had sixty two passengers on board with plaintiffs who were previously exposed to those two infected individuals, along with the prior crew, shows a lack of any care on the part of Defendant, amounting to gross negligence. Defendant knew how dangerous it was to expose Plaintiffs and the rest of its passengers to COVID-19 in light of its experience with the Diamond Princess a short three weeks prior, and yet it departed from what a reasonably careful cruise line would do under the circumstances in continuing to sail with Plaintiffs.

25. Moreover, Defendant's conduct in failing to warn Plaintiffs of their actual risk of harm in being exposed to COVID-19, either prior to boarding or while they were already on board, in light of the prior passenger who came down with symptoms who ended up dying, along with others who came down with symptoms from that prior voyage, and the crew member who disembarked during this voyage from the virus, amounts to an extreme departure of a what a

reasonably careful cruise line would do, in light of that fact that Plaintiffs are elderly with underlying medical conditions.

26. Defendant PRINCESS chose to place profits over the safety of its passengers, crew and the general public in continuing to operate business as usual, despite their knowledge of the actual risk of injury to Plaintiffs, who are elderly with underlying medical conditions.

**WHEREFORE**, Plaintiffs demand judgment against PRINCESS including punitive damages suffered as a result of the alleged gross negligence on Defendant, and a trial by jury on all issues triable.

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand trial by jury of all issues so triable of right.

DATED this 10th day of March, 2020.

Michael A. Simmrin
SIMMRIN LAW GROUP
3500 W. Olive Avenue
Suite 300
Burbank, CA 91505
Tel.: (954) 476-1000
Fax:

By _____
MICHAEL A. SIMMRIN
California Bar No. 238092

Debi F. Chalik (Pro Hac Vice Pending)
CHALIK AND CHALIK, P.A.
Attorneys for Plaintiff
10063 N. W. 1st Court
Plantation, Florida 33324
Tel.: (954) 476-1000
Fax: (954) 472-1173

By _____
DEBI F. CHALIK
Florida Bar No. 179566